# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELL JAMES IRVING,<br><br>　　　　　Plaintiff,<br>　　v.<br>California Department of Corrections, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:10-cv-00905-GBC (PC)<br><br>ORDER TO SHOW CAUSE REGARDING ADMINISTRATIVE EXHAUSTION OF CLAIM 2<br><br>(ECF No. 12)<br><br>THIRTY DAY DEADLINE |

  Plaintiff Arvell James Irving ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 20, 2010 and consented to Magistrate Judge jurisdiction on May 28, 2010. (ECF Nos. 1 & 4.) Plaintiff then filed a First Amended Complaint on August 24, 2010. (ECF No. 12.)

  On page two of the form complaint, Plaintiff states that there is an inmate grievance procedure available at his institution. (ECF No. 12, Pl.'s 1st Am. Compl., p. 2). Plaintiff goes on to state that he completed the grievance procedure for Claim 1, but did not file a grievance at all for Claim 2. (Id.) Plaintiff states that Claim 2 deals with an accident that caused injury to his back on March 30, 2010. (Id.) In explanation for him not complying with the grievance procedure, Plaintiff states that he has not received an MRI or X-ray, so he is filing Claim 2 in this action under <u>Wright v. California</u>, 122 Cal.App.4th 659 (2004). (Id.)

  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought

with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); see also Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 127 S.Ct. at 918-19 (citing Porter, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"

Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 fn. 5).

Plaintiff states that he did not follow the grievance procedure for Claim 2 and relies on Wright v. California, 122 Cal.App.4th 659 (2004).  In Wright, the prisoner alleged medical malpractice and violations of his Eighth Amendment rights.  The prisoner argued that he had substantially complied with the grievance procedure (completing up to level two) and used the Defendant's extreme delay as an excuse for not completing level three.  The Court disagreed, finding that "the [Defendant's] delay does not excuse [the prisoner's] failure to exhaust his available administrative remedies" and noting that the correct remedy for an unreasonable delay is not a suit for damages, but a writ of mandate.  Id. at 667.  Plaintiff refers to the footnote included by the Wright Court which states that a defendant must complete the third level review within a reasonable period.  Id. at 668, fn. 2.

Plaintiff makes no statements as to the relevance of this case to his situation.  Unlike the prisoner in Wright, Plaintiff states that he did not even attempt to comply with the grievance procedure for Claim 2.  Plaintiff appears to be blaming his failure to comply on the fact that he had not received an MRI or an x-ray, which he refers to as an "EXTREME DELAY".  This alleged delay has no correlation with the delay referred to in Wright.  In Wright, the prisoner had completed the second level of review and submitted his appeal to the third level, but had not received a response before he filed his complaint.  This is not the case here.  Plaintiff states that he did not file any grievance having to do with his injury.  Thus, he has not complied with the grievance procedure as required.

Because Plaintiff has not completed the grievance process, the Court HEREBY ORDERS that:

1. Plaintiff SHALL SHOW CAUSE why Claim 2 should not be dismissed without prejudice for failure to exhaust administrative remedies within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:     May 20, 2011

UNITED STATES MAGISTRATE JUDGE