# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELL JAMES IRVING,<br><br>        Plaintiff,<br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants.<br>_____ / | 1:10-cv-00905-GBC (PC)<br><br>ORDER DISMISSING CLAIM 2, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING THIS ACTION AND DENYING MOTION TO AMEND<br><br>(ECF No. 15) |

**ORDER**

**I.     Background**

Arvell James Irving ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.    Plaintiff filed this action on May 20, 2010 and consented to Magistrate Judge jurisdiction on May 28, 2010. (ECF Nos. 1 & 4.)  Plaintiff then filed a First Amended Complaint on August 24, 2010. (ECF No. 12.)  No other parties have appeared.  Plaintiff's First Amended Complaint has not yet been screened by this Court.

In response to the admission in Plaintiff's First Amended Complaint that he had not filed a grievance for Claim 2, the Court issued a Show Cause Order requiring Plaintiff to show cause why Claim 2 should not be dismissed for failure to exhaust administrative remedies.  (ECF No. 14.)  Plaintiff filed a Motion to Amend on June 13, 2011.  (ECF No. 15.)  In it, he states that he did file a grievance regarding Claim 2 and attaches said

grievance and appeal responses. (Id., pp. 5-15.)

Plaintiff filed the original grievance regarding Claim 2 on April 4, 2010. (Id. at 12-15.) He received a First Level Response sometime in May 2010. (Id. at 8 & 11.) His Second Level Response was partially granted on June 18, 2010. (Id. at 8-9.) Finally, his Director's Level Appeal Response was issued on September 28, 2010. (Id. at 5-7.)

## II.   **Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006). A prisoner is not allowed to file a complaint addressing non-exhausted claims, even if exhaustion of administrative remedies occurs while his case is pending. McKinney, 311 R.3d 1198, 1199 (9th Cir. 2002); Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); see also Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within

1 fifteen working days of the event being appealed, and the process is initiated by
2 submission of the appeal to the informal level, or in some circumstances, the first formal
3 level. Id. at §§ 3084.5, 3084.6(c).

4     In order to satisfy Section 1997e(a), California state prisoners are required to use
5 the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S.
6 81, 126 S.Ct. 2378, 2383 (2006). "[E]xhaustion is mandatory under the PLRA and . . .
7 unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 127 S.Ct.
8 910, 918-19 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). "All 'available'
9 remedies must now be exhausted; those remedies need not meet federal standards, nor
10 must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532
11 U.S. at 739 n.5).

12 **III.  Analysis**

13     Included in Plaintiff's Motion filed on June 13, 2011 are the grievance documents
14 that relate to Claim 2 in Plaintiff's First Amended Complaint. The Director's Decision is
15 dated September 28, 2010. The Decision states that it exhausts Plaintiff's
16 administrative remedies for Claim 2.

17     Plaintiff filed this action on May 20, 2010 (ECF No. 1), well before he exhausted
18 his administrative remedies for Claim 2. As noted above, a prisoner must exhaust all
19 available administrative remedies before filing an action with this Court. Plaintiff did not
20 do this as to Claim 2. And, the fact that exhaustion was completed during the action,
21 does not satisfy the PLRA's exhaustion requirement.

22     Therefore, Claim 2 is dismissed without prejudice for failure to exhaust
23 administrative remedies. Plaintiff's First Amended Complaint will proceed on the
24 remaining Claim 1.

25 **IV.  Motion to Amend**

26     Plaintiff requests that he be allowed leave to amend his complaint to add
27 evidence to show why Claim 2 should not be dismissed. As the Court has determined
28 that Claim 2 will be dismissed, Plaintiff's Motion to Amend is unnecessary as he states

he would only like to amend evidence related to Claim 2.  Therefore, Plaintiff's request for leave to amend is DENIED.

**V.      Conclusion and Order**

For the foregoing reasons, the Court HEREBY ORDERS that:

1. Claim 2 is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies prior to filing his complaint; and
2. Plaintiff's Motion to Amend is DENIED.

IT IS SO ORDERED.

Dated:     June 16, 2011

UNITED STATES MAGISTRATE JUDGE