UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELL JAMES IRVING, | CASE NO. 1:10-cv-00905-GBC (PC) |
| Plaintiff, | FIRST AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (ECF No. 12) |
| Defendants. | SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

I.   **PROCEDURAL HISTORY**

Plaintiff Arvell James Irving ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 20, 2010 and consented to Magistrate Judge jurisdiction on May 28, 2010. (ECF Nos. 1 & 4.)  Plaintiff then filed a First Amended Complaint on August 24, 2010. (ECF No. 12.)  No other parties have appeared. This First Amended Complaint is now

1

before the Court for screening.[1]

For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual

---

[1] This Court previously dismissed Claim 2 because it had not been exhausted. (ECF No. 16.) Thus, Claim 1 is the only remaining claim in Plaintiff's First Amended Complaint which will be screened in this Order.

allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff alleges violations of his Eighth Amendment right to adequate medical care. Plaintiff names the following individuals as Defendants: Santos, Dotson, Kathleen Allison, D. Artis, D. Foston, A. Enenmoh, Cole, Peters, Paat, and Bennett.

Plaintiff alleges as follows: On October 12, 2009, Plaintiff was given a urine analysis ("UA") test. Two days later, October 14, 2009, Plaintiff's pain management medication prescription expired. On October 16, 2009, the UA test came back positive for morphine. Defendant Santos was contacted on the same day to verify Plaintiff's medical and pharmaceutical records. Santos stated that Plaintiff's records did not indicate issuance of any authorized medication that would account for the positive UA test. Plaintiff was found guilty of administering his own pain medication (morphine) on November 21, 2009 by Defendant Dotson.

Plaintiff seeks punitive and monetary damages, and injunctive relief.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

## A. Eighth Amendment Claims

Plaintiff alleges inadequate medical care and deliberate indifference to his serious medical condition.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in

4

diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff states that his pain management prescription was allowed to expire by medical staff.  He goes on to state that a breach in protocol allowed this expiration to occur.  He attributes the medical staff breach to Defendant Enenmoh[2] who, Plaintiff states, is the chief medical officer.

---

[2] The Court also notes that Plaintiff attributes this violation to Defendant Enenmoh in an apparently supervisory capacity as he is the chief medical officer.  Supervisory liability is addressed below in a separate section.

Plaintiff has failed to state an Eighth Amendment violation claim. He does not state that any named Defendant was aware that his pain management medication was about to expire or had expired. He does not state that he informed anyone. Thus, no named Defendant knew that Plaintiff's prescription expired; therefore, no one could be deliberately indifferent to this expiration.

Plaintiff's claim is dismissed with leave to amend. In the amended complaint, Plaintiff must demonstrate that a named Defendant knew of and disregarded a serious risk to Plaintiff's health.

**B.     Due Process**

Plaintiff appears to be arguing that he did not receive due process regarding the allegations against him.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483–84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Where prison conditions are at issue, a change in conditions so severe as to affect the sentence imposed in an unexpected manner implicates the Due Process Clause itself, whether or not such change is authorized by state law. Id. at 484. Neither changes in conditions relating to classification and reclassification nor the hardship associated with

administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, violate the Due Process Clause itself. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (classification); Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (administrative segregation).

Additionally, the decision to confine an inmate to administrative confinement only requires "some evidence" in support of the decision. Toussaint, 801 F.2d at 1105. When an inmate is confined to administrative segregation due process requires that he be informed of the charges against him or the reason for his segregation, an informal nonadversary hearing must be held within a reasonable time, and the inmate must be allowed to present his views. Toussaint, 801 F.2d at 1100.

Plaintiff states that he was taking a morphine derivative to control his pain. He took a UA test and two days later his prescription was allowed to expire. The UA test came back positive for morphine. Defendant Santos was contacted about Plaintiff's medical and prescription files. Santos stated that Plaintiff was not currently authorized to be taking anything that would show up as morphine on the test. Plaintiff was then found guilty of possession of a controlled substance by Defendant Dotson.

Plaintiff does not describe the hearing at all. He does not state that he was not allowed to present his side of the story. He does state that he tried to get a copy of his medical files and "M.A.R.S." to prove that he was taking a morphine derivative drug, which would account for the positive test result.

As currently pleaded, the Court is unable to determine whether Plaintiff received adequate due process. Plaintiff is given leave to amend and in doing so should describe the situation in greater detail including, but not limited to: any notice he received prior to

7

the hearing, what happened at the hearing, if he was allowed to present his side of the story, etc.

### C.  Personal Participation and Supervisory Liability

Plaintiff does not refer to any of the named Defendants in the statement of the case. Plaintiff could be arguing that some of the Defendants are liable for the conduct of his or her subordinates as they were, apparently, not present and did not participate in the complained of conduct as currently described by Plaintiff.  And, Plaintiff appears to be specifically naming Defendant Enenmoh in his or her supervisory capacity as chief medical officer.

Under Section 1983, Plaintiff must demonstrate that <u>each</u> named Defendant personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. <u>Iqbal</u>, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." <u>Id.</u> at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. <u>Id.</u> at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. <u>Jeffers v. Gomez</u>, 267 F.3d 895, 915 (9th Cir. 2001); <u>Wesley v. Davis</u>, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004).  In order to establish liability against a supervisor, a plaintiff must allege facts

8

demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)). However, "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011).

Plaintiff has not alleged facts demonstrating that any of the named Defendants personally acted to violate his rights. Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

Further, it appears that Plaintiff is alleging that Defendants Dotson, Hall, Allison,

Artis, Foston, Enenmoh, and Santos violated his rights by denying his appeal. Plaintiff should note that he may not include any Defendants solely on the ground that they denied or improperly processed his administrative grievances. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2007).

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the events described herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:10-cv-905-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: June 17, 2011

UNITED STATES MAGISTRATE JUDGE