UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELL JAMES IRVING, | CASE NO. 1:10-cv-00905-GBC (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (ECF No. 18) |
| Defendants. | CLERK TO CLOSE CASE |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Arvell James Irving ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 20, 2010 and consented to Magistrate Judge jurisdiction on May 28, 2010. (ECF Nos. 1 & 4.)  Plaintiff then filed a First Amended Complaint on August 24, 2010, which was dismissed on June 20, 2011. (ECF Nos. 12 & 17.)  No other parties have appeared.  Plaintiff filed a Second Amended Complaint which is now before the Court for screening. (ECF No. 18.)

1

For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II. **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

//
///
////

### III. SUMMARY OF COMPLAINT

Plaintiff alleges violations of his right to due process under the Fourteenth Amendment. Plaintiff names the following individuals as Defendants: G. Santos, M. Dotson, R. Hall, Kathleen Allison, D. Artis, and D. Foston.

Plaintiff alleges as follows: On October 12, 2009, Plaintiff was randomly chosen to take a urine analysis ("UA") test. Two days later, October 14, 2009, Plaintiff's pain management medication prescription expired. On October 16, 2009, the UA test came back positive for morphine. Defendant Santos was contacted on the same day to verify Plaintiff's medical and pharmaceutical records. Santos stated that Plaintiff's records did not indicate issuance of any authorized medication that would account for the morphine positive UA test. Plaintiff was issued a rules violation report.

On November 21, 2009, Plaintiff had his disciplinary hearing before Defendant Dotson. Plaintiff explained to Dotson that he still had not received a copy of his medical records, which would prove that he was taking codeine. Plaintiff called a nurse as a witness and she testified that codeine is a derivative of morphine. Plaintiff then requested more time to receive a copy of his medical files. Dotson denied this request and found Plaintiff guilty of possession of an unauthorized substance and made Plaintiff take drug tests once a week for a year among other punishments.

Plaintiff filed a 602 grievance because he had not received his medical files. He was interviewed by Defendant Hall on January 10, 2010 at the second level of review. Plaintiff still did not receive a copy of his medical files. Plaintiff filed a second 602 grievance after the interview. On January 21, 2010, Plaintiff received a ducat to go to the clinic to review his medical files, but he was never called in for the review.

On February 17, 2010, Defendant Allison affirmed the finding of guilty of unauthorized possession. One day later, Plaintiff filed a third 602 grievance. On March 7, 2010, one of Plaintiff's grievances reached the third level of review. Plaintiff filed a fourth grievance on March 8, 2010. On June 4, 2010, Plaintiff's guilty finding was again upheld, this time by Defendants Artis and Foston.

Plaintiff received his medical files on November 24, 2010.

Plaintiff seeks punitive and monetary damages, and injunctive relief.

## IV.     ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff alleges that he did not receive sufficient due process.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483–84 (1995). Liberty interests created by state law are

generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

In the prison disciplinary context procedural protections are limited because "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

In addition, due process requires that the decision be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455 (1984), citing United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927). In Hill, the United States Supreme Court explained that this standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." Id. "Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 456. Instead, "the relevant question is whether there is any

5

evidence in the record that could support the conclusion reached by the disciplinary board."
Id. at 455–456. The Court justified this lesser standard as follows:

> We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require the courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Plaintiff states that he was taking codeine to control his pain. Plaintiff states that codeine is a morphine derivative. He took a UA test and two days later his prescription expired. The UA test came back positive for morphine. Defendant Santos was contacted about Plaintiff's medical and prescription files. Santos stated that Plaintiff was not authorized to be taking anything that would show up as morphine on the test. Plaintiff was then found guilty of possession of a controlled substance by Defendant Dotson.

Plaintiff states that he repeatedly tried to get a copy of his medical files to prove that he was taking codeine, a morphine derivative drug, which would account for the positive test result. However, he claims he was unable to get one before his hearing. During his hearing, a nurse testified on Plaintiff's behalf, stating that Plaintiff was taking codeine, that codeine is a derivative of morphine and that it can give a false positive for morphine on a drug test. It also appears that Plaintiff submitted two medication reconciliation reports dated September 15, 2009 and October 2, 2009 indicating that Plaintiff was taking codeine. (ECF No. 18, p. 21.)

As currently pleaded, Plaintiff received adequate due process. As the Court

6

recommended in its Screening Order, Plaintiff described the situation in greater detail including what happened at the hearing and that he was allowed to present his side of the case. Plaintiff was allowed to present a witness and evidence both of which indicated that he was taking codeine and also indicated that codeine was a morphine derivative. He was also allowed to present a statement of his side of the case. Plaintiff received all due process necessary for a disciplinary adjudication.

Plaintiff was previously notified of the relevant legal standards and the deficiencies in his previous complaint. His Second Amended Complaint clearly indicates that he received all process that he was due for his hearing. Because Plaintiff's Second Amended Complaint again fails to state a claim against any named Defendant, the Court will dismiss this claim without further leave to amend.

Plaintiff also appears to be arguing with the finding of guilty. As noted above, all that is necessary is "some evidence" for the hearing officer to rely on. In his case, it appears that the "some evidence" relied upon was the statement by Defendant Santos that Plaintiff was not allowed to be taking any medication which would provide a false positive for morphine. (ECF No. 18, pg. 21-22.) The rules violation report states that "[a]lthough [nurse] provided testimony indicating Codeine is a derivative of Morphine, a review of the RVR authored by [correctional officer] reflects that [Defendant] Santos, Pharmacist, confirmed [Plaintiff] was not taking/issued any authorized medication that would give a false positive test result for Morphine. The [Senior Hearing Office, Defendant Dotson] considered the Pharmacist expertise in this subject." (Id. at 22.) There was "some evidence" for the hearing officer to rely on. Thus, this claim fails as it is not appropriate for this Court to examine the entire record, make an independent assessment of the credibility

of witnesses, or re-weigh the evidence.

Plaintiff's argument that he did not receive a copy of his medical file or get to review it for one year also fails.  First, the Court notes that Plaintiff did provide evidence of his prescription history during his hearing.  So it would appear that Defendant Dotson was aware of Plaintiff's prescription history and the fact that Plaintiff had not received a copy of his medical files did not effect the hearing.  Second, Plaintiff's claim that he did not get to review his medical file for one year does not appear to be a constitutional violation. Plaintiff does not cite any authority, and the Court is aware of none, that holds that prisoners have a protected liberty interest in being given a review of their file in a timely manner.  While In re Olson, 37 Cal.App.3d 783, 112 Cal.Rptr. 579 (1974), may confer a right under state law to review documents, that case does not create any time limitations that the prison must act within.  Thus, this claim too fails.

## V.   **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Second Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action, Plaintiff filed several complaints and received substantial guidance from the Court in its Screening Order. (ECF Nos. 1, 17, & 18.)  Even after receiving the Court's guidance, Plaintiff failed to make alterations or to include additional facts to address the noted deficiencies. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by

amendment, and therefore orders that further leave to amend not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  July 26, 2011

UNITED STATES MAGISTRATE JUDGE